UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>              Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), et al.,<br><br>              Defendants. | 1:16-cv-01244-AWI-EPG (PC)<br><br>ORDER FINDING THAT PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM<br><br>ORDER GIVING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT OR TO NOTIFY THE COURT THAT HE INTENDS TO STAND ON THIS COMPLAINT SUBJECT TO RECOMMENDATIONS TO THE DISTRICT COURT<br><br>(ECF NO. 1)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF NO. 10)<br><br>THIRTY DAY DEADLINE |

**I.     BACKGROUND**

Michael Bird ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 24, 2016 (ECF No. 1), which is now before the Court for screening.

\\\

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hospital Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner confined at California State Prison, Corcoran (CSP-COR). Plaintiff is a veteran of the United States army. He has been confined at CSP-COR since 2008

and is not scheduled to be released until 2021.

Plaintiff was honorably discharged from service due to his severed PTSD. He received continued treatment through the Department of Veterans Affairs. Plaintiff has a current diagnosis of PTSD by CDCR mental health doctors, and has had this diagnosis since entering the prison system in 2008.

Since 2008, Plaintiff has been unable to go to the dining facility without his PTSD severely and substantially limiting and impairing his ability to eat, concentrate, think, communicate and later sleep. Plaintiff has provided most of his meals for himself through canteen and quarterly packages purchased from CDCR-approved vendors. Plaintiff only goes to the dining facility when he is completely out of food and left with no other choice. This causes Plaintiff to suffer severely and substantially.

Plaintiff also suffers from flashbacks, nightmares, severe depression, severe anxiety, and hypervigilance due to his PTSD. Plaintiff is forced to share a cell with another inmate. Due to sharing a cell, Plaintiff's ability to eat, sleep, learn, read, concentrate, communicate, and care for himself is severely and substantially limited and impaired.

Because Plaintiff shares a cell with another inmate, Plaintiff has no place where he can decompress, feel safe, relax, rest, and sleep. At night, Plaintiff is awakened constantly and put into hypervigilant state by his cell mate. Whenever Plaintiff's cell mate snores, coughs, grunts, gets up, uses the toilet, or makes any noise at night it causes Plaintiff digress into a hypervigilant state, causing him to become severely anxious, alert, wide awake, and commonly enter into a flashback. Due to Plaintiff's PTSD and having a cell mate, Plaintiff only gets about 2 to 3 hours of rest per night, never more than 20 to 30 minutes at a time.

Plaintiff requested a reasonable accommodation by filing a CDCR 1824 form on March 3, 2016, but his request was denied, stating that he is not disabled and no accommodation is required. Plaintiff's appeals were denied.

Plaintiff alleges that the prison's failure to provide meals in his cell and allow him a single cell, without a cell mate, violate the Rehabilitation Act of 1973 (RA) and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff also alleges various claims for conspiring to

violate his rights. Plaintiff requests a temporary restraining order and permanent injunction that the prison provide him meals in his cell and single cell status.

**IV.     AMERICANS WITH DISABILITIES ACT AND REHABILITIATION ACT OF 1973**

**A.  Legal Standards**

Title II of the ADA and Section 504 of the Rehabilitation Act both prohibit discrimination on the basis of disability. The ADA applies only to public entities, whereas the Rehabilitation Act proscribes discrimination in all federally-funded programs. Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002).

> Title II of the ADA provides:
> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

> 42 U.S.C. § 12132. Similarly, the Rehabilitation Act provides:
> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ....

29 U.S.C. § 794(a).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his or her disability. See Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). Similarly, to establish a violation of Section 504 of the Rehabilitation Act, a plaintiff must show that (1) he or she is an individual with a disability; (2) he or she is otherwise qualified for the benefit or services sought; (3) he or she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance. See id. Because Title II of the ADA was modeled on Section 504, "courts have applied the same analysis to claims brought under both statutes ." Zukle v. Regents of Univ. of

Cal., 166 F.3d 1041, 1045 n. 11 (9th Cir.1999) (citations omitted); see also 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in [Section 504] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination in violation of [Section 12132 of this title].").

Title II of the ADA and Section 504 applies to state prisons. Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).

To recover for discrimination under the ADA, Plaintiff bears the burden of proving he or she is disabled under the Act. Bates v. United Parcel Serv., 511 F.3d 974, 988 (9th Cir. 2007) (quoting Nunes v. Wal–Mart Stores, 164 F.3d 1243, 1246 (9th Cir.1999)). The ADA, as amended in 2008, defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such an individual." Id. (quoting 42 U.S.C. § 12102(1)(A)). To determine whether an impairment substantially limits an individual, a court considers "the nature, severity, duration, and impact of the impairment." Fraser v. Goodale, 342 F.3d 1032, 1038 (9th Cir.2003). "Whether a person is disabled under the ADA is an 'individualized inquiry.'" Sutton v. United Air Lines, Inc., 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)).

Although 42 U.S.C. § 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).  The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997). A plaintiff accordingly bears the burden of establishing the existence of specific reasonable accommodations that the defendant public entity failed to provide. See id. at 978.

"Reasonable accommodation does not require an organization to make fundamental or

5

substantial alterations to its programs." Mark H. v. Hamamoto, 620 F.3d 1090, 1098 (9th Cir. 2010) (cited sources omitted). "Reasonableness 'depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him or her to [enjoy meaningful access to the program.]'" Id. (quoting Vinson v. Thomas, 288 F.3d 1145, 1154 (9th Cir. 2002) (internal citation and quotation marks omitted). "An accommodation is reasonable if it is 'reasonable on its face, i.e., ordinarily or in the run of cases.'" Id. (quoting U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 402 (2002)).

### B. Application of Legal Standards to Plaintiff's First Amended Complaint

Plaintiff claims that he suffered discrimination under the ADA and RA based on his disability of PTSD because he was not provided the reasonable accommodations of meals in his cell and single cell status.

Plaintiff's complaint adequately alleges that he has a disability and that the prison is a public entity. The more difficult questions concern whether he was excluded from participation in or denied benefits of services, programs, or activities of the prison or subjected to discrimination by the prison, and if so whether he has been denied reasonable accommodations. Furthermore, the answer may differ based on the allegations of the in-cell meals and single cell status.

#### a. Exclusion from Services, Programs or Activities

The U.S. Supreme Court has provided some guidance as to what the phrase "services, programs, or activities" in this context, stating in the context of holding that the ADA applies to state prisons: "Modern prisons provide inmates with many recreational "activities," medical "services," and educational and vocational "programs," all of which at least theoretically "benefit" the prisoners (and any of which disabled prisoners could be "excluded from participation in"). Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). This list does not include public meals, which does not appear of the same type as these other programs and activities, but neither are public meals clearly excluded.

At least one case in *dicta* mentioned that access to a dining hall constituted a program or

service. See, e.g., Crawford v. Ind. Dep't of Corrs., 115 F.3d 481, 483 (7th Cir. 1997) ("The use of a library is, equally clearly, an activity, and so, only a little less clearly, is the use of the dining hall."). Similarly, one case opined that "virtually every interaction between prison officials and disabled inmates potentially exposes the State[ ] to liability ... unless the State[ ] promptly provide[s] reasonable accommodation." Chase v. Baskerville, 508 F.Supp.2d 492, 506 (E.D.Va.2007) (defining the provision of "telephones, computers, cable televisions, and books" as "services" under the ADA).

The Court finds that dining hall meals may constitute a program or service under the ADA and RA. Although the Court did not find a case on point, and it is not the ordinary type of program or service discussed in the cases, dining hall meals are services for inmates. And if a prison were truly to discriminate against someone based on their disability and deny them access to the dining hall because of that disability, it would fall under the ADA and RA. Plaintiff's dining hall/meal allegations thus satisfy that portion of the ADA and RA claim.

However, the Court does not find a similar program or service associated with the request to be provided with a single cell. Plaintiff's request for single cell status does not appear to allege that he is denied access to a program or service. Instead, Plaintiff appears to allege that his medical condition is exacerbated by double cell status. In this way, Plaintiff may be making a medical claim, i.e. that because he has the medical condition of PTSD, he requires treatment of a single cell in order to treat that medical condition. See Villery v. California Dept. of Corrections and Rehabilitation, 2015 WL 4112324, at *8 (E.D. Cal. 2015) (dismissing Plaintiff's complaint at screening and stating "Plaintiff claims that Defendants violated his rights under the ADA and RA by refusing to grant him single cell status. Plaintiff alleges that he has been diagnosed with PTSD and because of his symptoms, he is unable to share a cell with another inmate without problems arising. . . . ["I]n order to state a claim under the ADA and the RA, Plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong,* 124 F.3d at 1023. Plaintiff has alleged no such exclusion or denial. Thus, Plaintiff fails to state a claim under the ADA or the RA.").

It is worth noting that Plaintiff may have a claim that the prison was deliberately indifferent in denying a serious medical need in violation of the Eighth Amendment. The Court is not making such a determination at this time, but the Court will set forth the law regarding this constitutional claim below and give Plaintiff leave to amend to allege facts supporting such a claim, if he believes that the prison has been deliberately indifferent to his serious medical needs as described below. However, the Court finds that Plaintiff's claim for single cell status does not allege an ADA or RA claim for discrimination based on exclusion from a program or service due to a disability.

### b. Exclusion and Reasonable Accommodation

The next inquiry regarding Plaintiff's ADA and RA claim is whether the prison discriminated against Plaintiff regarding his access to the dining hall.

As an initial matter, it is clear that Plaintiff is permitted to go to the dining hall and does not have any physical barriers to doing so. Rather, Plaintiff argues that the crowd at the dining hall triggers his PTSD, and that providing meals to his cell is a reasonable accommodation.

This Court has not located any case directly on point. But it seems to this Court that Plaintiff's proposed accommodation is not a reasonable accommodation as that term is meant in the ADA and RA. Plaintiff is not saying that if the prison provided an accommodation, he could partake of the dining hall service, in the way that wider doors make a dining hall available to persons in wheelchairs. Instead, Plaintiff is saying that the dining hall is so aggravating to his health that the prison should provide meals to him in his cell as an alternative. In other words, there are no accommodations that Plaintiff believes will allow him meaningful access to the dining hall program.

Similarly, Plaintiff's proposed accommodation of being served in his room does not appear to be reasonable on its face, i.e. ordinarily or in the run of cases. Having meals delivered to the cell appears to be a substantial alteration to the program, not a reasonable accommodation.

For those reasons, the Court finds that Plaintiff has not set forth a claim of discrimination on the basis of disability based on Plaintiff's access to the dining hall. That said,

as with the issue with single cell status, Plaintiff may nevertheless have a medical issue that could require, if feasible, meals in his cell. The Court is not weighing in on the feasibility of such a claim. But if an inmate believes that a prison has been deliberately indifferent to a serious medical need, it is possible that he could have a claim under the law cited below. In any event, Plaintiff's claims that the prison is unlawfully discriminating against him based on his PTSD should be dismissed based on Plaintiff's allegations.

### V. LAW REGARDING THE EIGHTH AMENDMENT AND DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Again, this Court is not taking a position on whether Plaintiff can state a viable claim under these legal standards, nor whether Plaintiff has exhausted such a claim through prison grievances. The Court provides this guidance for a potential amended complaint. Moreover, the Court believes that what Plaintiff is truly alleging is that he has a medical condition that requires certain care, rather than that the prison has discriminated against him due to his PTSD. To the extent the prison violates any constitutional principles by failing to care for Plaintiff's PTSD, these legal standards appear to be the most applicable to Plaintiff's case.

If Plaintiff elects to amend his complaint to include a deliberate indifference to serious medical needs claim, he should allege details concerning his alleged serious medical need, including any medical opinions or his own symptoms, as well as evidence regarding the prison's response to requests to provide that case, as well as any other evidence demonstrating that failure to treat a his condition in the manner complained of in this case could result in further significant injury or the unnecessary and wanton infliction of pain. Plaintiff should include details concerning his efforts to make the defendants aware of the severe medical need, including his requests for the accommodations at issue here, and the defendant(s)' response, if any, to his specific requests for treatment and/or accommodations.

## VI. PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

For the reasons described above, the Court finds that Plaintiff's complaint does not allege a viable claim. The Court would deny Plaintiff's request for temporary restraining order and permanent injunction on the same basis, because Plaintiff has not shown a likelihood of success on the merits. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008) ("The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

### VII. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff has also filed a request for judicial notice (ECF No. 10), asking that the Court take judicial notice of cases generally instructing courts to liberally construe *pro se* pleadings.

Plaintiff's request is denied in so far as the complaint must stand on its own and legal argument is not a proper use of judicial notice. That said, the Court has liberally construed Plaintiff's complaint in favor of Plaintiff consistent with those cases.

### VIII. CONCLUSION AND ORDER

The Court has screened Plaintiff's Complaint and finds that it fails to state a claim. The Court is prepared to recommend that Plaintiff's complaint be dismissed for failing to state a claim, consistent with this order.

Plaintiff may now file an amended complaint, if he believes that additional facts or claims would be viable under the legal standards discussed above. Alternatively, Plaintiff could notify the Court that he stands on his current complaint, in which case this Court will issue Findings and Recommendations to the District Court. Plaintiff would have an opportunity to file objections to those Findings and Recommendations to the extent Plaintiff disagrees with the conclusions of this Court.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556

U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state any additional claims or claims against any additional defendants, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01244-AWI-EPG; or
4. If Plaintiff fails to file an amended complaint or notify the Court to go forward with the cognizable claims within 30 days, the Court may dismiss Plaintiff's case for failure to comply with a Court order.

\\\
\\\
\\\

5. Plaintiff's request for judicial notice is DENIED. (ECF No. 10)

IT IS SO ORDERED.

Dated: **December 20, 2016**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE